Dear Chief Aker,
Concerning your questions arising under LSA-R.S.33:2334, we first note the statute provides the following:
 § 2334. Chief of police; taking appearance bond; fee; disposition of revenues
 A. A fee of eight dollars shall be allowed for each appearance bond taken by a municipal chief of police when required to do so, unless suspended by a judge of the court in which the charge requiring the bond is filed. Upon acquittal of the defendant, this fee shall be refunded to the individual who paid the fee.
 B. (1) The fee authorized in Subsection A of this Section, shall be payable to the general fund of the municipality. The municipality shall, subject to applicable law, appropriate six dollars of the fee to the chief of police to be used for law enforcement purposes.
 (2) The municipality may appropriate quarterly two dollars of the fee authorized in Subsection A of this Section to the Louisiana Association of Chiefs of Police. The Louisiana Association of Chiefs of Police shall use the proceeds derived from the fee for law enforcement education and training and for members of the association.
 (C) The fee charged by a municipal chief of police for copies of an appearance bond shall not exceed one dollar per page. (Emphasis added).
The foregoing statute is limited to appearance bonds. UnderLSA-R.S. 15:88, an appearance bond "mean(s) every bail bond, recognizance or other obligation, or deposit of cash, checks, negotiable bonds, or money orders made or taken to secure the appearance of any person before any court."
First, the phrase "subject to applicable law" in LSA-R.S.33:2334(B) above would have reference to the Louisiana Local Government Budget Act, LSA-R.S. 39:1301 etseq. The law therein requires a municipality to "prepar(e) a comprehensive budget presenting a complete financial plan for the ensuing fiscal year for the general fund and each special revenue fund." See LSA-R.S. 39:1304(A). Second, the municipal budget must reflect all funds appropriated to the general fund, as provided pursuant to LSA-R.S. 39:1304(C)(2):
 (2) A statement for the general fund and each special revenue fund showing the estimated fund balances at the beginning of the year; estimates of all receipts and revenues to be received, revenues itemized by source; recommended expenditures itemized by agency, department, function, and character; other financing sources and uses by source and use; and the estimated fund balance at the end of the fiscal year. School boards shall itemize revenues and expenditures in accordance with guidance provided by the state Department of Education. If, upon the request of the governing authority, the political subdivision fails to submit its budget document showing the information concerning revenue sources as mandated by this Subsection, the governing authority shall not appropriate any general funds to such political subdivision. (Emphasis added).
However, the statutory amount provided is not over and above the amount normally budgeted for the police department, as the statute makes no requirement that is to be so designated. It is well within the discretion of the board of aldermen to decide whether or not to provide police protection for the municipality.
Third, the municipality must budget and pay to the police department the statutory charge provided in LSA-R.S. 33:2334, as mandated by LSA-R.S. 33:2922:
§ 2922. Dedication of revenues; contracts dedicating future revenues; limitations; jail construction contracts
 A. The annual revenues of any political subdivision (which term shall mean those units of local government listed in Subsection 2 of Section 44 of Article VI of the Louisiana Constitution of 1974) shall be dedicated as follows: first, all statutory charges shall be paid from the respective funds upon which they are imposed; second, all charges for services rendered annually under time contracts; third, all necessary and usual charges provided for by ordinance or resolution. Any excess of revenue above such statutory, necessary and usual charges may be applied to the payments of amounts due and unpaid out of the revenues of former years. Any parish, municipal corporation, and any other political subdivision having the prior approval of the governing authority which created it may make in any year, contracts or other obligations dedicating in whole or in part the excess of annual revenues of subsequent years above such statutory, necessary and usual charges. No such contract or obligation shall have any longer term fixed for payment than ten years from the date of the contract or obligation. No dedication of future revenues shall be made which, alone or with other prior dedications in force, exceeds the estimated excess of revenues over the statutory, necessary and usual charges of the year in which the contract or obligation is made. This Section shall not be construed to prohibit any political subdivision from providing by ordinance or resolution for the expenditure of funds derived from miscellaneous or contingent sources actually collected, subject to the dedication of such funds established by law. (Emphasis added).
Fourth and finally, what constitutes "law enforcement use" is fact-sensitive. See Attorney General Opinion 95-122, attached, indicating the payment of health club membership fees for police officers is for law enforcement use.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: __________________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: February 21, 1996
Date Released: May 6, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL